## HENRY CHAPIN *vs.* EDWARD AVERY & another.

An action on a bond given by the assignee of an insolvent debtor to the commissioner of insolvency may be brought without a previous order of the commissioner to authorize it, for the benefit of the commissioner and his clerk, and of certain creditors who had proved their debts, to recover fees and dividends ordered by the commissioner to be paid by the assignee, and demanded of him by the persons entitled thereto.

ACTION OF CONTRACT brought in this court on a bond executed to the plaintiff, as commissioner of insolvency for this county, by Avery as principal, and the other defendant as surety,

conditioned that Avery should perform all the duties of the office of assignee of Charles Randall, an insolvent debtor, and all orders and decrees legally made by the commissioner in the premises. The breaches assigned were neglect to pay, out of funds in his hands, and pursuant to the orders of the plaintiff, acting as such commissioner, certain fees due to said commis sioner and to his clerk, and dividends ordered by the commis· sioner to be paid to certain creditors of Randall on debts proved against his estate in insolvency, although the defendant received due notice of the several orders made by the commissioner, and although demands of payment of said sums were made up- on him in behalf of the plaintiff, his clerk, and said creditors, being the persons for whose benefit this action was brought. The writ was indorsed by the attorney of those persons.

The surety admitted the facts stated in the declaration, but filed an answer denying the plaintiff's right to maintain this ac- tion, 1st. For want of an affidavit annexed to the writ that the matter sought to be recovered exceeded in amount or value the sum of three hundred dollars ; 2d. For want of any order or decree of the commissioner, passed upon the representation of any person interested in the insolvent estate, and upon its ap- pearing to the commissioner that the assignee had failed to per- form his duty, authorizing any creditor or other person, aggrieved by his neglect of duty, to bring an action on this bond.

*P. E. Aldrich,* for the plaintiff.

*D. Foster,* for the surety. This action cannot be maintained at common law, for want of the affidavit required to give this court jurisdiction. *St.* 1840, *c.* 87, § 1. It cannot be main- tained under *St.* 1844, *c.* 188, § 11, which provides that assignees' bonds " shall be prosecuted in the manner provided by law for the prosecution of bonds given to judges of probate by admin- istrators or executors." Rev. Sts. *c.* 70, §§ 1–10. Not as an action for the general benefit of the estate ; for want of a de- cree directing the suit. *Fay* v. *Rogers,* 2 Gray, 175. Nor as ar action by a creditor whose demands are liquidated; because it was not brought for that purpose merely, and cannot have a double aspect. *Robbins* v. *Hayward,* 16 Mass. 527. *Coffin* v

*Jones*, 5 Pick. 62. *Paine* v. *Stone*, 10 Pick. 76. *Leland* v. *Loud*, 16 Pick. 234. *Barton* v. *White*, 21 Pick. 60. *Newcomb* v. *Williams*, 9 Met. 536.

DEWEY, J. Suits upon probate bonds of executors and administrators are by statute required to be instituted in this court; and therefore, by *St.* 1844, *c.* 178, § 11, bonds given by assignees of insolvent debtors to commissioners of insolvency are to be sued in the same court. No affidavit is therefore required as to the amount of the matter in controversy, to give this court jurisdiction of a suit upon such a bond.

It is then urged that, as a probate bond, no case is shown that would authorize the present suit; as there was no order or decree of the commissioner in insolvency allowing the suit to be brought upon the bond for the benefit of the estate generally, and no demand of any individual creditor was so far ascertained and allowed, as to authorize an action on the bond for his particular benefit. Whether the practice and requisitions of law in reference to suits on probate bonds, as to obtaining authority from the judge of probate to sue such bond, are to be applied in any case to suits on bonds given to the commissioner in insolvency, we have not found necessary particularly to consider. The present action is brought for the benefit of the commissioner, on an order directing the payment of certain fees due the plaintiff as commissioner; also for certain fees due to the clerk in the proceedings in insolvency, ordered to be paid by the assignee; and also for the benefit of creditors of the insolvent, whose debts have been ascertained and declared by a final decree of the commissioner, and a *pro rata* dividend declared, and the assignee ordered to pay the same. As to the amounts sought to be recovered by this suit, it is conceded that due notice was given of the order of the commissioner to pay them, and sufficient demands made upon the assignee for payment thereof, before the commencement of this suit. Under these circumstances, the court are of opinion that this action was properly brought, and judgment will be entered for the penalty of the bond.

*Judgment for the plaintiff.*